## Fitting Lumber Co. v. Green et ux.

*Jones, Benson and Dwyer*, for plaintiff.

*Louis R. Benacci*, for defendants.

LAUB, J. November 28, 1951.—This is a motion for the inspection and copying of certain documents belonging to and in possession of defendants. Although Pa. R. C. P. 4009 provides for procedure by petition and although in many respects the application partakes of the nature of a motion to produce as provided by the Act of February 27, 1798, 3 Sm. L. 303, 28 PS §61, plaintiff in its brief avers that the request is made under the rule and not the statute.

The action is in assumpsit for the sale and delivery of merchandise which has not been paid for. An answer has been filed to the complaint admitting the delivery and purchase of the goods by defendant, Harry Green, but denying the purchase by Adelia Green and

denying that she was in any way a party to the transaction. It is important to observe that the complaint does not allege a partnership or joint undertaking on the part of defendants but contents itself with the bare allegation that at the oral instance and request of defendants plaintiff sold and delivered the goods in question.

In an affidavit accompanying the motion to inspect, plaintiff alleges its desire to examine the books in order to determine whether a partnership exists between defendants. Obviously, under the pleadings as filed such an inspection cannot be allowed under the rule. Pa. R. C. P. 4011, which limits the scope of discovery and inspection, inter alia, provides that no inspection will be permitted which would disclose facts not relevant, material or admissible in evidence and which are not necessary to prepare the pleadings or to prove a prima facie case. The existence or nonexistence of a partnership is not material to this case since there is no allegation that the goods were sold to a partnership or to a partner acting in the course of or on behalf of the partnership business. Furthermore, it is evident that inspection was not necessary to prepare the complaint since plaintiff has already filed that pleading.

Is inspection necessary to prove a prima facie case? In our considered opinion it is not. Plaintiff by proving the allegations of its complaint, namely, that upon the oral instance and request of defendants, individually, they sold and delivered the goods which have not been paid for, a prima facie case will be established. The existence or non-existence of a partnership is not a necessary element in that proof. It is true that conceivably plaintiff's case would be stronger if a partnership could be established and thus make the act of each defendant chargeable to the other. However, if the basis of the claim is the sale to a partnership, defendants should be entitled to have it pleaded in that

fashion. More particularly, since the purchase by Harry Green has been admitted, Adelia Green should be apprised of the fact that an attempt will be made to prove the sale of the goods to her partner upon partnership business. Plaintiff, having chosen to proceed against defendants as individuals, must either amend its form of action or be content with its case as it now stands.

And now, to wit, November 28, 1951, the rule entered October 11, 1951, to show cause why plaintiff should not be permitted to inspect the books of defendant, is discharged.